Dear Mr. Lewis:
You have asked this office for an opinion concerning the construction of a smoke room pursuant to Ordinance No. 96-11-3 adopted by the St. Charles Parish Counsel on November 4, 1996. This ordinance cancels all indoor smoking areas within the 29th Judicial District's Courthouse facilities with the exception of the Parish Jail but provides a designated smoking room to be constructed under the veranda immediately outside the courthouse. This proposed smoke room will not be fully enclosed or equipped with climate control equipment.
Prior to authorizing the construction of this smoke room, the Parish Council has presented the following issues for our determination:
 (1) Will the construction of this smoke room satisfy LSA-R.S. 40:1300.24 (C)(1) requiring that, "such room shall be provided in existing facilities"?
 (2) Will this proposed smoke room reasonably accommodate smokers who work on the first, second, or third floors of the courthouse building?
 (3) If the answer to question #1 is affirmative, will the fact that this proposed smoking room will not be fully enclosed with heating and cooling systems meet the mandates of LSA-R.S. 40:1300.21 et seq?
LSA-R.S. 40:1300.21 et seq., embodies what is referred to as the "Louisiana Office Indoor Clean Air Law." LSA-R.S. 40:1300.24 states:
 A. Each employer who operates an office in the state shall, by November 15, 1993, adopt, implement, and maintain a written smoking policy which shall provide, at a minimum, the following:
 (1) Any nonsmoking employee may object to his employer about smoke in his office workplace. Using already available means of ventilation or separation or partition of office space, the employer shall attempt to reach a reasonable accommodation insofar as possible between the preferences of nonsmoking and smoking employees. However an employer shall not be required by the provisions of this Part to make any expenditures or structural changes to accommodate the preferences of nonsmoking or smoking employees.
 (2) Where the employer prohibits smoking in an office workplace, the area in which smoking is prohibited shall be clearly marked with signs.
 B. The smoking policy shall be announced and posted within three months of adoption to all employees working in office workplaces of the employer, and a written copy of the policy shall be posted conspicuously in all office workplaces under the employer's jurisdiction.
 C. (1) However, the state official, local official, or employee in control of a state, parish, or municipal building where smoking in the office workplace is restricted or in charge of an area office workplace used by state, parish, or municipal government within a facility which restricts smoking in the office workplace shall, if allowable under the relevant lease provisions and fire or other safety regulations, designate a smoking area in a separate room where smoking is permitted by employees while adhering to the intent of the provisions of this Part, provided such room shall be provided in existing facilities.
 (2) Educational and health care facilities shall not be required to designate smoking areas.
 (3) The provisions of this Section shall not include areas within facilities, or entire facilities, where applicable, which serve as courtrooms, or other areas used by the judicial branch of state government.
Subsection (C) (1) allows parish governments to designate a smoking area in a separate room where smoking is permitted but only within "existing facilities" of the governmental building. While an analysis as to what constitutes "existing facilities" would normally be the course to take from this point, we need not do so in this instance.
The courthouse at issue is that of the 29th Judicial District Court, a entity of the judicial branch of state government. Subsection (C) (3) of the above cited statute exempts "areas within facilities, or entire facilities where applicable, which serve as courtrooms, or other areas used by the judicial branch of state government." The 29th Judicial District Court clearly falls under this exception, and the veranda area of the courthouse qualifies as one of the "other areas used by the judicial branch."
Therefore, it is the opinion of this office that, as a facility and area used by the 29th Judicial District Court, the courthouse at issue need not conform with the dictates of LSA-R.S. 40:1300.24. The St. Charles Parish Counsel may reasonably provide for smoking areas as it sees fit in this matter.
The question of reasonableness is a factual determination. Whether or not a smoking room or area is reasonable is best left to a court of law or administrative body. Therefore, we must defer to the appropriate bodies to make these conclusions.
Finally, the answer to the first issue moots the third issue. However, whether or not composition of the smoking room is reasonable is still an issue but, again, one we must refrain from addressing.
I trust this assists you in your concerns. Please contact this office if you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb